PHILLIP A. TALBERT
United States Attorney
LAURA JEAN BERGER
Assistant United States Attorney
2500 Tulare Street, Suite 4401
Fresno, CA 93721
Telephone: (559) 497-4000
Facsimile: (559) 497-4099

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                Plaintiff,<br><br>     v.<br><br>CHARLES PORTER,<br><br>                Defendant. | CASE NO. 1:21-CR-00042-JLT<br><br>GOVERNMENT'S SENTENCING MEMORANDUM<br><br>DATE: October 28, 2022<br>TIME: 9:00 a.m.<br>COURT: Hon. Jennifer L. Thurston |

The government submits this memorandum in connection with the sentencing of Charles Porter scheduled for October 28, 2022. Porter was found guilty by a jury of all charges in the Indictment: assault with intent to commit aggravated sexual abuse, assault with intent to commit abusive sexual contact, attempted aggravated sexual abuse, abusive sexual contact, and assault by striking or wounding. PSR ¶ 1. Probation has calculated the defendant's Guidelines sentencing range as 188 to 235 months of imprisonment, with a recommendation of 188 months of imprisonment. *Sentencing Recommendation* at 1. The government submits this sentencing memorandum to describe why a Guidelines sentence of 210 months is appropriate in this case and to advocate for a 210-month sentence.

The aggravating factors in this case were put on full display during the jury trial. While the aggravating factors were evident from the government's case in chief alone, the defendant's perjured testimony and complete lack of remorse and continued denial emphasize the depravity of the defendant's acts.

GOVERNMENT'S SENTENCING MEMORANDUM      1

The evidence presented at trial established that Porter brutally assaulted T.D. on April 14, 2020. PSR ¶ 4. Not only did Porter violently physically assault T.D., but he did so in an attempt to sexually assault T.D., and in fact did sexually assault T.D. though his attempt at penetration was not successful. PSR ¶ 12. Porter choked T.D. (PSR ¶ 10), struck T.D. with closed fists repeatedly (PSR ¶¶ 10-11), put T.D. in a chokehold (PSR ¶ 13), and bit him. (PSR ¶ 10). This assault was so severe that T.D. felt he was going to die. *Id*.

Not only was this a violent, sexually motivated attack, but it occurred when T.D. was most vulnerable: when he was asleep in the presumed safety of his cabin. PSR ¶ 8.

While Porter does not have a history of criminal convictions, his actions caused pain and suffering to the victim in this case that lasts to this day. The attack changed T.D.'s life. He left Yosemite due to the stress, now suffers from anxiety attacks, has hemorrhoidal issues, discomfort and swelling in his anus, and has difficulties with intimacy. PSR ¶ 19.

Porter, on the other hand, has not accepted responsibility or shown remorse for his actions. *See* PSR ¶ 32. Rather, at trial, he testified that T.D. was attempting to sexually assault him, alleging that T.D. attempted to pull down his pants. PSR ¶ 22. While Porter testified to his version detailed account of what happened in T.D.'s cabin, details regarding his interactions with witnesses—who directly contradict Porter's version of events—were, in contrast, "hazy." PSR ¶¶ 21-23. The testimony of the independent witnesses, T.D.'s neighbors who intervened and stopped the assault when T.D. yelled for help, directly corroborates T.D.'s version of the events. It also directly contradicts Porter's version of events.

For the jury to have found Porter guilty of the charged conduct, in particular Count Three because the details of the sexual nature of the assault were directly witnessed only by T.D., the jury expressly disbelieved and rejected Porter's testimony. Specifically, Porter testified that T.D. attempted to pull down his (Porter's) shorts and attempted to have sexual contact with him, and further, that he placed T.D. in holds and assaulted T.D. to stop whatever he believed T.D. was attempting to do. *See* Day Three RT 373:19 – 375:5. He further claimed that T.D. stated to Porter, "It's *not* rape." Day Three RT 375:12-13 (emphasis added). The government asks that the Court specifically find that Porter's testimony was false, on a material matter, and with willful intent.

The United States believes a sentence of 210 months is appropriate under 18 U.S.C. § 3553(a), especially considering the nature of the offense conduct and the need to protect the public from further harm caused by the defendant. The harm caused by the defendant was extreme. This sentence is also appropriate because it should reflect the seriousness of the offense and provide just punishment. Additionally, even though Porter has no criminal record, the government presented the testimony of A.H. pursuant to Federal Rule of Evidence 413. Indeed, A.H. testified to the similarity of assaults she sustained at the hand of the defendant, years before his self-described drinking began in 2019. *See* Defendant's Sentencing Memorandum at 7-8. This demonstrates the full picture of the defendant and should also be taken into account under § 3553(a)(1). And while the government hopes the defendant is earnest in seeking sobriety and further recognizes the grip that alcoholism involves, the defendant denied alcohol as an issue, further denying the need for alcohol and/or drug treatment. PSR ¶¶ 68, 70.

Thus, the government argues that a Guidelines sentence of 210 months is necessary for both just punishment and specific deterrence, and it is sufficient but not greater than necessary to serve the goals set forth in 18 U.S.C. § 3553(a).

Dated: October 25, 2022

PHILLIP A. TALBERT
United States Attorney

By: /s/ LAURA JEAN BERGER
LAURA JEAN BERGER
Assistant United States Attorney